W. Valentine v. Commissioner.
W. Valentine v. Commissioner
Docket No. 112769.
United States Tax Court
1945 Tax Ct. Memo LEXIS 256; 4 T.C.M. (CCH) 341; T.C.M. (RIA) 45109; March 27, 1945
*256 Petitioner, an awning manufacturer, received reimbursement from his vendors of material used in the manufacture of awnings in amounts covering the processing tax on such material which had been added to the cost of the material. Held, the petitioner bore the burden of such taxes, did not shift such burden to his vendees, and is consequently not subject to the unjust enrichment tax imposed by section 501 (a) (2) of the Revenue Act of 1936. W. Valentine, pro se. F. L. Van Haaften, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion Respondent determined a deficiency in unjust enrichment tax liability of petitioner for the taxable year ended June 30, 1936, in the amount of $529.84 together with a 25 per cent delinquency penalty of $132.46 for failure to timely file an "Unjust Enrichment" tax return. The deficiency results from respondent's determination that petitioner shifted to his vendees $780.14 processing tax on merchandise, which amount petitioner had paid to his vendors as part of the purchase price of the merchandise and for which amount he has been reimbursed by them. Petitioner contends that he absorbed the burden of the tax *257 and did not shift it to his vendees. The proceeding has been submitted on the pleadings, oral evidence, and exhibits adduced at the hearing. Petitioner was not represented by counsel and filed no brief. Findings of Fact Petitioner is an individual who owned and operated a business conducted under the name of Dade Awning Company in Miami, Florida, during the taxable year involved. In the operation of the business petitioner purchased canvas material for use in the manufacture of awnings for sale to customers. He sold the business in 1936 and is no longer connected with it. He had a bookkeeper during his operation of the business, but no longer has its books and records as they were turned over to the company to which he sold it when the sale was made. During 1936 petitioner received $780.14 in refunds from the mills from which he purchased the canvas material, that sum representing the processing, or Federal excise tax on such material which had been included in the price paid to the mills by petitioner. In his income tax return for the fiscal years ended June 30 of 1934, 1935, and 1936, petitioner showed a net income for each year. The awnings sold by petitioner contained *258 about six yards of canvas material which cost about 35" per yard. The awnings sold for about $12 each. The processing tax paid by petitioner and included as part of the cost of the canvas material averaged about 2 1/2" per yard, or a total of about 15" for an awning. No part of this amount was ever included in the price that was charged a customer for the awnings. Although the cost to petitioner of the awning material fluctuated two or three cents a yard no change was made in the selling price of the finished awnings when the processing tax went into effect, or thereafter. No part of the processing tax paid by petitioner to his vendors was passed on or shifted to petitioner's vendees. Petitioner did not file a "Return of Tax on Unjust Enrichment", Form 945, until one was brought to him by an official of the revenue collector's office for execution. It was signed by him on June 12, 1941, but was not filled out by him. It was filled out by that official or someone in the revenue collector's office and contains petitioner's statement made to that person, as follows: "Tax absorbed in business and was not passed to consumer". He was told by that person that the return was proper. He *259 was late in filing the return because he had not heard of the necessity for it until it was brought to him for execution. Opinion TYSON, Judge: The primary issue is whether petitioner absorbed the burden of the processing tax included in the price of canvas material purchased from his vendors and for which he received reimbursement from those vendors, or whether he shifted the burden thereof to his vendees. Section 501 (a) (2) of the Revenue Act of 1936 imposes upon net income in addition to any other tax on such income: A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees. Petitione received reimbursement of the character set out in the statute in the amount of $780.14 which averaged about 2 1/2" per yard of canvas material purchased by him. The awnings sold by petitioner required approximately six yards of canvas material for their manufacture and sold for about $12 a piece. *260 The processing tax thus imposed an added cost on petitioner of about 15" for each $12 awning. No change in the price of the awnings was ever made as a result of the imposition of the processing tax. No part of the tax was ever included in the selling price of the awnings because, as petitioner testified, "All the awnings are of such a small amount it wouldn't hardly figure anything". "* * * It is like they add 5" to a case of beer. Does the retailer charge the customer another nickle * * *". The foregoing facts and other facts shown in our findings were testified to unequivocally by the petitioner, who was the sole witness. This testimony was received in evidence without objection by the respondent and was in no respect contradicted or impaired by cross examination or otherwise. Under these circumstances no reason appears why this testimony should not be given full credence. ; ; Cf. ; ; and . No *261 books of accounts of petitioner were produced; no notice was given to petitioner by respondent for such production; and no subpoena for such production by the party to whom petitioner had sold his business and to whom the books had been turned over in 1936, at least seven years prior to the hearing in this proceeding, was issued or requested by respondent. While these records were therefore not in evidence to substantiate the testimony of petitioner, they could, so far as the record shows anything to the contrary, have been obtained by respondent if he had thought that petitioner's testimony might thereby be contradicted. Notwithstanding the absence from the record of the books of accounts of petitioner, we are of the opinion that the facts above shown as adduced from the testimony of petitioner establish the ultimate fact, as stated in our findings, that "No part of the processing tax paid by petitioner to his vendors was passed on or shifted to petitioner's vendees". We therefore hold that petitioner is not liable for any unjust enrichment tax on the reimbursements received from his vendors and that respondent therefore erred in his determination of the deficiency of $529.84. It *262 follows that the respondent also erred in imposing the delinquency penalty of $132.46 for petitioner's failure to timely file an "Unjust Enrichment" tax return. The cases cited by respondent to sustain his determination as to the unjust enrichment tax liability of petitioner are ; ; and . All these cases are clearly distinguishable. In the Caldwell Sugars, Inc. case the Court, in holding that the taxpayer was not entitled to a refund of processing taxes paid by it, said: The disallowance of the claim * * * imposed upon the claimant the necessity of proving that it paid the tax and did not escape the burden thereof in any manner whatsoever. It wholly failed to discharge this burden, either by proof of actual facts and figures or other affirmative evidence, * * *. The evidence supports the findings of the Tax Court that the only affirmative facts before it showed that the claimant participated in a universal increase in sugar prices designed to cover the amount of the tax, and on some occasions *263 billed the tax as a separate item to its vendees; and its greater margin during the tax period gave rise to the presumption that the tax burden had been shifted. None of the facts set out in the quotation as supporting the findings of the Tax Court is in evidence here, and, here, the petitioner has sustained his burden of showing that no part of the processing tax paid by him to his vendors was shifted to his vendees "by proof of actual facts" and by "affirmative evidence" to that effect. The Slack case is distinguishable from the instant case in all material respects as is the Caldwell Sugars, Inc. case. The Webre Steib Co. case is also distinguishable from the instant case in that there "No attempt was made to prove by direct, affirmative evidence that the claimant did not shift the tax, was not reimbursed for it, and did not otherwise escape the burden of it." Decision will be entered for the petitioner.